UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jane Doe,<br>        *Plaintiff,*<br><br>                *v.*<br><br>Carla A. Tencza and John J. McGowan, III,<br>        *Defendants.* | Civil No. 3:11cv1617 (JBA)<br><br><br><br>August 9, 2012 |

RULING ON MOTION TO DISMISS

On October 19, 2011, Plaintiff Jane Doe filed a Complaint [Doc. # 1] against Defendants John McGowan and Carla Tencza, claiming that Defendant McGowan committed sexual assault and battery against Ms. Doe, and that Defendant Tencza, a Sergeant with the New Milford Police Department, violated Ms. Doe's First, Fourth, Ninth, and Fourteenth Amendment rights to privacy by preparing an application for a warrant for Mr. McGowan's arrest containing unnecessary and intimate details of Ms. Doe's sex life and her relationship with Mr. McGowan.  Defendant Tencza moves [Doc. # 24] to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to allege a plausible right–to–privacy claim, and that Sergeant Tencza is entitled to qualified immunity.  For the reasons stated below, Sergeant Tencza's motion to dismiss will be granted.

I.      Factual Allegations

Ms. Doe alleges as follows in her Complaint.  On the night of October 20, 2008, John McGowan sexually assaulted her.  (Compl. ¶ 6.)  Sergeant Tencza was assigned to investigate the sexual assault allegations on October 22, 2008.  (*Id.* ¶ 7.)  On November 7, 2008, Sergeant Tencza questioned Ms. Doe at the New Milford Police Department headquarters, and

"interrogated the plaintiff at length concerning the most intimate details of her sex life as well as of her relationship with the defendant McGowan prior to the sexual assault." (*Id.* ¶ 8.) Sergeant Tencza then "required" Ms. Doe to sign a six–page affidavit to be used to establish probable cause to arrest Mr. McGowan, which "described unnecessary and irrelevant but highly intimate details concerning the plaintiff's sex life and her prior relationship with defendant McGowan." (*Id.*) Sergeant Tencza prepared an affidavit and application for a warrant to arrest Mr. McGowan, which also "described in great and unnecessary detail the intimate details of the plaintiff's sex life and her prior relationships with McGowan and with her fiancee." (*Id.* ¶ 9.)

Ms. Doe alleges that in preparing the affidavit and the warrant application, Sergeant Tencza "knew that the unnecessary intimate personal information regarding the plaintiff set forth therein would come into the possession of defendant McGowan and ultimately would be made public in the course of the criminal prosecution of defendant McGowan." (*Id.* ¶ 10.) She further alleges that as a proximate result, "the intimate details of the plaintiff's sex life were widely publicized throughout the State of Connecticut, and particularly within Litchfield County; the defendant McGowan was provided with said information and was able to, and did, further publicize it through exposure thereof in public courtrooms; and the plaintiff was caused to suffer needless humiliation, anguish and emotional distress." (*Id.* ¶ 11.)

2

II.    Discussion[1]

Sergeant Tencza argues that Ms. Doe's right–of–privacy claim must be dismissed because although the Second Circuit has recognized a right to privacy that protects against the disclosure of certain personal information, Ms. Doe's privacy interest is outweighed by the government's interest in prosecuting Mr. McGowan for sexual assault, and Ms. Doe has not alleged that Sergeant Tencza publicly identified her or disclosed any of the personal information in the warrant affidavit.[2]

"[T]here exists in the United States Constitution a right to privacy protecting 'the individual interest in avoiding disclosure of personal matters.'" *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) (quoting *Whalen v. Roe*, 429 U.S. 589, 599 (1977)). "More precisely, this right to privacy can be characterized as a right to 'confidentiality,'" which includes "the right to protection regarding information about the state of one's health." *Id.*

---

[1] The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and  a defendant may move to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Kuck v. Danaher*, 600 F.3d 159, 162–63 (2d Cir. 2010). A complaint will not survive a motion to dismiss if it relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or if "the well–pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678–79.

[2] Sergeant Tencza also argued in the memorandum of law [Doc. # 24–1] in support of her motion to dismiss that the Second Circuit has not extended the right to privacy to include protection against disclosure of the details of sexual assault. At oral argument, however, her counsel elected not to pursue this argument and claimed instead that although Ms. Doe had a right to privacy that protected the details contained in the warrant application, Sergeant Tencza did not violate this right by any disclosure.

(recognizing a right to confidentiality of an individual's HIV status); *see also Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (extending the right to privacy to protect an inmate's status as a transsexual); *Hunnicutt v. Armstrong*, 152 F. App'x 34, 35–36 (2d Cir. 2005) (plaintiff's amended complaint adequately alleged a right–to–privacy claim where it asserted that defendants discussed plaintiff's "private/personal mental health issues . . . in front of other prisoners and D.O.C. employees").  The right to privacy, or confidentiality, related to health information does not extend to all medical conditions; instead it attaches only to "serious medical conditions" that are "likely to bring about public opprobrium." *Matson v. Bd. of Educ.*, 631 F.3d 57, 66–67 (2d Cir. 2011) ("[A]lthough fibromyalgia is a serious medical condition, it does not carry with it the sort of opprobrium that confers upon those who suffer from it a constitutional right of privacy as to that medical condition. . . . [T]his case does not support the proposition, as contended by Matson, that one who is unable to maintain gainful employment because of fibromyalgia, is the subject of discrimination, hostility, or intolerance.")

The Second Circuit has not explicitly addressed the right of privacy to protect from disclosure of the details of a sexual assault or of private sexual matters, however the Sixth Circuit has held that "a rape victim has a fundamental right of privacy in preventing government officials from gratuitously and unnecessarily releasing the intimate details of [a] rape where no penalogical purpose is being served," *Bloch v. Ribar*, 156 F.3d 673, 685–86 (6th Cir. 1998) (plaintiff's right to privacy protected her from County Sheriff Ribar's release at a press conference of the "highly personal and extremely humiliating details" of her rape by an unknown assailant, however, the "dearth of case law on this issue and the complexities stemming from the nature of crimes of sexual violence" entitled defendant to qualified

4

immunity).   Other circuits have recognized that "private sexual matters warrant[] constitutional protection against public dissemination."  *Id.* at 685 (collecting cases); *see also James v. City of Douglas*, 941 F.2d 1539, 1544 (11th Cir. 1991) (complaint alleged a violation of the constitutional right to privacy where it asserted that individual police officer defendants viewed and allowed others to view a videotape that depicted plaintiff engaged in sexual activity without a legitimate police purpose, but instead for "their own personal gratification").

Ms. Doe alleges that Sergeant Tencza required her to sign a statement that contained superfluous, salacious, and highly personal details about her sex life and the sexual assault she suffered, and that Sergeant Tencza then included those details in an "x–rated" application for a warrant for Mr. McGowan's arrest.  These intimate details concern Ms. Doe's private life, and her physical and sexual health, and particularly as they pertain to the extra–marital sexual relationship she had with Mr. McGowan, are likely to bring about the kind of public opprobrium that the right to privacy is intended to shield against.  *See Matson*, 631 F.3d at 66–67.  However, as the Second Circuit made clear in *Doe v. City of New York*, 15 F.3d at 267, the right to privacy protects the "confidentiality" of the intimate details of one's life.  The Second Circuit's focus on shielding individuals from public embarrassment or ignominy, *see Matson*, 631 F.3d at 66–67, emphasizes that this right does not protect against the mere dissemination of information unconnected to an identified or identifiable individual, but protects against the public identification of a particular individual's personal matters.  In other words, an individual cannot be subject to discrimination, hostility, or intolerance based on intimate details of her life if her identity is not disclosed or discoverable.

Here, although Ms. Doe alleges that Sergeant Tencza included deeply personal information in the warrant application, she does not allege that Sergeant Tencza ever identified Ms. Doe in that application.  Indeed, the application only identifies Ms. Doe as "Victim" and does not contain any details by which a member of the public could connect the personal matters described with Ms. Doe.  (*See* Ex. B to Mem. Supp.)  Ms. Doe's counsel speculated at oral argument that residents of Litchfield County would be able to "put two and two together" and identify her.  She has, however, made no allegation that anyone ever did identify her as the person associated with the personal disclosures.  Because the warrant application did not contain any information that could be used to identify Ms. Doe, thus keeping Ms. Doe's identity confidential as required by Conn. Gen. Stat. § 54-86e,[3] Sergeant Tencza's disclosure of voluminous intimate details in her arrest warrant application did not violate Ms. Doe's right to confidentiality.  By describing Ms. Doe only as "Victim," Sergeant Tencza shielded her from the exposure and embarrassment that the right to privacy seeks

---

[3] Conn. Gen. Stat. § 54-86e reads:

The name and address of the victim of a sexual assault under section 53a-70, 53a-70a, 53a-71, 53a-72a, 53a-72b or 53a-73a, or injury or risk of injury, or impairing of morals under section 53-21, or of an attempt thereof, and such other identifying information pertaining to such victim as determined by the court, shall be confidential and shall be disclosed only upon order of the Superior Court, except that (1) such information shall be available to the accused in the same manner and time as such information is available to persons accused of other criminal offenses, and (2) if a protective order is issued in a prosecution under any of said sections, the name and address of the victim, in addition to the information contained in and concerning the issuance of such order, shall be entered in the registry of protective orders pursuant to section 51-5c.

to protect.  Ms. Doe has therefore failed to state a claim for a violation of the right to privacy upon which relief  can be granted.

III.     Conclusion

For the reasons stated above, Sergeant Tencza's motion [Doc. # 24] to dismiss is GRANTED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of August, 2012.