IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                                                     :

JANE DOE                                   :          3:11 CV 1617 (JBA)

v.                                                :

CARLA A. TENCZA and              :          DATE: NOVEMBER 1, 2012
JOHN J. McGOWAN, III              :
-------------------------------------------------------x

RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AND DAMAGES

On October 20, 2011, Jane Doe commenced this action against defendants Carla A. Tencza, a Sergeant with the New Milford Police Department, and John J. McGowan, III in which complaint plaintiff alleged that defendant McGowan committed sexual assault and battery against plaintiff, and defendant Tencza violated plaintiff's First, Fourth, Ninth and Fourteenth Amendment rights to privacy by preparing an application for a warrant for McGowan's arrest containing unnecessary and initiate details of plaintiff's sex life and her relationship with McGowan.  (Dkt. #1).  On August 9, 2012, United States District Judge Janet Bond Arterton granted defendant Tencza's Motion to Dismiss on grounds that plaintiff was never identified in the warrant application, and thus plaintiff failed to state a claim for a violation of the right to privacy upon which relief can be granted.  (Dkt. #37).[1]

On July 29, 2012, plaintiff filed a Motion for Default Entry under Rule 55(a) of the Federal Rule of Civil Procedure against defendant McGowan, which motion was granted five days later.  (Dkts. ##34-35).  The next day, plaintiff moved for entry of default pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (Dkt. #36), and on September 6, 2012,

---

[1]This Court had original federal question jurisdiction over the federal claims against defendant Tenzca pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over the state law claims against defendant McGowan pursuant to 28 U.S.C. § 1367(a).  (See Dkts. ##40-41).

Judge Arterton granted this motion and referred the case to this Magistrate Judge for a hearing on damages. (Dkt. ##38-39). An evidentiary hearing was held on October 25, 2012, at which plaintiff testified. (Dkts. ##42-44).

## I. DISCUSSION

In this case, where default has entered against defendant, all factual allegations in the complaint are accepted as true, except those relating to damages. Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)(citation omitted). Thus, a court must conduct an inquiry into the amount of damages "with reasonable certainty." See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

At the hearing, plaintiff testified that she knew defendant McGowan through volunteer activities, and was dating him at the time of the sexual assault on October 20, 2008. On that evening, plaintiff accompanied defendant McGowan to a house that was under construction, for which plaintiff was going to do the landscaping. Plaintiff testified that McGowan forcibly, and without her consent, engaged in intercourse with plaintiff; plaintiff tried to stop him, and when she screamed, he choked her. Plaintiff thereafter sought medical attention, which included taking medication over a year and being tested at three increments for HIV.

Plaintiff reported the offense to the New Milford Police Department, and an investigation followed. Sergeant Tencza was assigned to the investigation, and in the course of her questioning, she elicited detailed information from plaintiff about her sex life, as well as her sexual relationship with defendant McGowan prior to the sexual assault. This information was included in an arrest warrant which was subsequently placed on a blog so that intimate details of plaintiff's sex life were made public. Additionally, the day after this

was made public, defendant, who has a show on cable television, released her name and address. Defendant McGowan was charged and found guilty of sexual assault, and he was sentenced to a prison term but remains free on bond until 2014, pending his appeal of his conviction.

Plaintiff testified that this has had a "tremendous impact" on her, her family, her children, her partner, her finances and her future as it is "hard" for her to be in public, and because of the public accessibility of the details in the warrant, she lives in fear of being "exposed[,]" or of men reading these details and following her around. She testified that she has been "sexualized," and because so many of defendant McGowan's family members and friends have supported him, there is "so much doubt" against her, and she has been harassed, ridiculed, and been called a liar. Plaintiff recounted two incidents where she had interactions with individuals who she felt knew the details of the sexual assault and of her sex life as detailed in the publically available warrant, and such interactions made plaintiff feel like she is "driven from [her] community[,]" and is ostracized.

She is afraid to be in public, she does not go out alone, and she has not driven alone in over a year because she fears being alone if her car breaks down, which happened to her once before. Plaintiff works twelve hours a week as a horticulturist, which she finds "difficult[,]" and she used to be a politically active environmentalist and had plans to become a real estate agent, neither of which she feels she can do now. According to plaintiff, she is not sure that she can work much longer as she is "ready to break."

In addition to the medical treatment she received right after the sexual assault, plaintiff received counseling for a unspecified period and recently returned for therapy with an MSW in Danbury who charges $100 per weekly session. Her initial medical care was at

a cost of $5,000 which was covered by the Medical Victim's Fund, who has a lien on the proceeds of this lawsuit. Plaintiff testified that she has been told that she suffers from post-traumatic stress disorder and anxiety, and she could not estimate for how long she will be in therapy. According to plaintiff, her anxiety has affected her heart; she has had to use a heart monitor, she has difficulty sleeping, and she has chest pains.

As stated above, the only remaining claims are those against defendant McGowan for sexual assault and battery, for which claims plaintiff leaves damages to the Court's discretion. In her complaint, plaintiff seeks compensatory and punitive damages and costs against defendant McGowan. Plaintiff's allegations, her supporting testimony, and the fact that defendant McGowan has been convicted of felony sexual assault, give rise to a damages claim for plaintiff. Taking as true plaintiff's allegations as to the impact defendant McGowan's actions have had on plaintiff, the resulting need for continued therapy, and the impact on plaintiff's ability to work in her full capacity, damages are appropriate and shall enter in the amount of $350,000.00 to compensate plaintiff for her past, on-going and future medical care, and to serve as a punitive award of damages against defendant McGowan.[2] Relying

---

[2] See, e.g., Mize v. Tedford, 375 Fed. Appx. 497, 2010 WL 1655835 (6th Cir. Apr. 26, 2010)(finding appropriate a $350,000 damages award on a default judgment entered against former police officer in a § 1983 sexual assault action, as $350,000 was in the middle of the range of other verdicts); Hyde v. Nicholas, 32 Fed. Appx. 127, 2002 WL 334708 (5th Cir. Feb. 19, 2002)(default judgment entered in § 1983 case against police officer with a school district who was convicted of sexually assaulting plaintiff when he stopped her car near the school; $50,000 in compensatory damages and $20,000 in attorney's fees was appropriate in the absence of evidence of medical or psychological care, and no evidence of lost wages); Cash v. County of Erie, No. 04-CV-0182-JTC(JJM), 2009 WL 3199558 (W.D.N.Y. Sept. 30, 2009)($650,000, consisting of $500,000 in compensatory and $150,000 in punitive damages awarded on a default judgment against defendant, a guard at an inmate holding center who assaulted and raped plaintiff, a pretrial detainee), rev'd on other grounds against codefendants, 654 F.3d 324, 327 n.1 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741 (2012)).

Plaintiff's damages fall within the mid-range of the above-referenced damages awards as much of plaintiff's testimony focused on the impact that the publically available warrant has had on plaintiff. As discussed above and in Judge Arterton's detailed Ruling on [Defendant Tencza's]

on the foregoing testimony, this Court completes its inquiry into damages with the requisite "reasonable certainty." See Transatlantic Marine Claims Agency, 109 F.3d at 111.

## II. CONCLUSION

For the reasons stated above, this Magistrate Judge recommends that judgment for plaintiff against defendant McGowan enter in the amount of $350,000.00.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 1st day of November, 2012.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

Motion to Dismiss (Dkt. #37), the warrant drafted by defendant Tencza included details of plaintiff's sexual history with defendant McGowan; plaintiff, however, failed to state a claim that her privacy rights were violated and her case against defendant Tencza was dismissed. Additionally, other than the plaintiff's testimony, the Court has no documentary evidence of plaintiff's lost wages, if any, or the value of plaintiff's initial counseling sessions.